*296 Opinion op the Court, by
Judge Mills.
Hutcheson, the appellee, exhibited his bill against the appellant, stating that he had purchased and paid for a tract of land, and received a conveyance; but had neglecl'e(i 1° have it recorded until the time had expired; that discovering afterwards that it was necessary to have his deed recorded, and intending to apply for that PurPose’ ^le appellant, who had married, his wife’s daughter, by a former husband, offered his services, as he was young and active, to do the busipegs out of sup *297 p'osed motives of friendship; that the appellant accordingly took the original deed, and applied to the original vender to have it renewed, and fraudulently erased his, the appellee’s name, out of the old conveyance, and inserted his own, and thus procured the conveyance to be acknowledged and recorded in the proper office; that he had for many years resided upon the land and paid taxes therefor, and was not disturbed in the possession, and the appellant, on many occasions since, had acknowledged his right, and professed a willingness to convey, after the fraud was discovered; but had of late refused to do so. He prays for a conveyance of the land.
Parol evi-clence not to wnt“
The appellant, in his answer, admits the purchase of, and payment for the land by the appellee originally; but states, that he does not now remember whether the appellee had or had not received a conveyance from the vender, or only held his bond, before the conveyance complained of was made to himself; nor does he remember any tiling of the change made in the original deed, when it was last acknowledged to him, or whether a new conveyance was executed, though he now and has before seen, that there is the appearance of an erasure, upon its face, where his name is inserted; but he de-, nies any fr.aud or intention to defraud, in taking the deed to himself instead of the.appellee, because he alleges that it was done by the procurement of the ap-pellee and with his consent, to save the expence of two conveyances; for he avers that he purchased the land aud some horses from the appellee, and paid for it in furnishing the appellee with money and paying hisJ» debts; aud in proof of the sale, exhibits the following bond -or writing, executed to him by the appellee, a few days before he received the conveyance in question:
“ Know all men by these presents, that f, Charles . Hutcheson, of Garrard county and state of Kentucky, do. this day bargain and sell to William Anderson of said county and state aforesaid, my plantation whereon l now live, containing sixty-three acres ofiand by survey, with all its appurtenances thereto; also, four head of horse beasts, one roan mare, one black mare, one yearling, one two year old, all which I warrant forever, for1 and in consideration of the sum of five hundred dollars in hand paid by the said William Anderson to me, *298 Charles Hutcheson. As witness my hand and seal, this, the eleventh of February, 1807.
(Signed,) Charles Hutcheson, (Seal.)1’
He further alleges, that he had agreed at the time of Ris aforesáid purchase, that the appellee and his wife, who was then living, but since has died, should reside on the land and keep the estate during their lives; hut through inadvertence or mistake, that stipulation was not inserted in this writing. But willing always to comply therewith, he had not disturbed and did not intend to disturb the possession of the appellee during his life, and had professed himself willing, at times, to give any writing or conveyance, calculated to secure the estate-. Hence, the- appellee had continued to reside thereon and pay the public dues.
The court below sustained the bill and gave the relief sought, by decreeing an absolute conveyance, without securing any thing to the appellant, from which he has appealed. *
if the case be considered on the verbal testimony filed, inclusive of the writings, although there is considerable contrariety, yet we should be inclined in favor of the decree of the court below, and be willing to concede that the weight of evidence is on the side of the appel-lee. And if the case was made to appear as. stated in the bill, that the appellant by his own adts without authority, procured the ancient conveyance to be changed to himself, we should have no hesitation in deciding that the. deed itself could be no protection to the appellant. The proof is, however, clear, that such change did not happen without the concurrence or authority of th'e appellee; for he was present, and the transaction was assented to by the appellee himself, when the change was made and the deed acknowledged to the appellant.
Indeed,’ if the declarations of the appellee’s wife, were to be taken, who was present at the time and active in procuring the deed to be thus made, the motive of the act was to place the estate beyond the reach of creditors, on account of some engagements into which the appellee had imprudently entered. If such should .he the fact, it would be conclusive against the relief sought by the appellee, unless he had been cheated into the fraud by some undue influence-. But although these declarations were made m the presence of the *299 husband and not contradicted by him; yet as they might have been prompted by her fears, while the transaction was bona fide, and' might leave her at the same-time possessed of a home, which would pass after the death of herself and husband, to the family of her daughter, and particularly as the point is not suggested in any part of the pleadings, we do not conceive that ■ it ought to present any obstacle to the relief sought.
We would further observe, that a great portion of . the parol evidence on each side, is composed of the declarations and acknowledgments of the parties, which are not the most satisfactory evidence, and which, owing to the lack of motives in the party making such confessions, to tell the whole truth, and the frailty and falsehood of human memory in retaining them, are often not to be relied on, and frequently go -to prove the soundness and wisdom of the rule which adheres to writings, if there be any, as decisive of the controversy, until they are properly impeached, and excludes the effect of parol evidence to vary them. This latter rule, we conceive, must apply to and fix the result of-this cause. Here is a writing or deed, the execution of which by the appellee, is well established, evidencing a sale, and the nature and consideration of that sale-. It is not sbowh to have been obtained by fraud or by concealing or misrepresenting its contents. It acknowledges the consideration paid, and therewith the parol proof agrees that divers sums were paid. No consideration conflicting therewith or motive-inducing it, can be proved by inferior evidence, and the court below erred in attaching to it no weight, and in decreeing the whole estate from the appellant. It is not shown, that the consideration expressed, is an inadequate one to raise the presumption of fraud-. On the contrary, when it is compared with the original price given by the ap-pellee for the land, and the life estate- of the appellee and his wife is taken into consideration, it is not- unreasonable. The.case is, therefore, within the principle recognized in thq case of Morris vs. Morris, 2 Bibb 311.
As the decree ijiust be reversed because- the appellee was not entitled to the absolute estate, it is, however,, equitable, that he should have such decree in the court below, but without costs, as will secure to him his estate for life in the estate, to which the appellant admits he is entitled, and which he professes himself ready and willing to make, as it was omitted in the writings.
*300 The decree must be reversed with costs, and the cause be remanded, with directions to the court below to enter such decree as may conform to this opinion.